IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUDY D. BROWN, )<br>)<br>Appellant, )<br>)<br>v. )<br>)<br>BANK OF AMERICA, )<br>)<br>Appellee. ) | Civil Action No. 14-510<br>Bankruptcy No. 09-25942 |

**MEMORANDUM OPINION**

I.  Introduction

*Pro se* Appellant Judy D. Brown ("Brown") appeals the Order of the Honorable Carlotta H. Bohm of the United States Bankruptcy Court for the Western District of Pennsylvania ("Bankruptcy Court") dated March 13, 2014, denying her motion to reopen her closed Chapter 7 bankruptcy case and for a finding of contempt and the imposition of sanctions against Appellee Bank of America ("BOA") and its counsel. (Docket No. 1). The pending appeal has been fully briefed, with the parties' submission of appellate briefs and Brown having been permitted to make numerous additional submissions to which BOA has responded.[1] (*See* Docket Nos. 2, 5, 7, 8, 10, 11, 12, 13, 15, 17, 19, 20). Accordingly, Brown's appeal is now ripe for disposition. Upon

---

[1] In this regard, the Court considered Brown's numerous *pro se* filings and attachments including her: Appellant's Brief (Docket No. 2); Motion for Previously Presented Evidence to be Submitted to the Appellate Court to Support Appellant's Appeal (Docket No. 5); Appellant's Reply Brief (Docket No. 8); Notice to the Court (Docket No. 10); Appellant's Amended Reply Brief (Docket No. 11); Entrance of Evidence (Docket No. 12); Motion that the Following Documents and Clarifications be Submitted into the Record for the Court's Review as they Pertain to the Appeal Filed (Docket No. 13); Motion to the Court for Hearing (Docket No. 15); Brief in Support of New Evidence (Docket No. 17); Response to Appellee's Response to Evidence (Docket No. 19); and Supplement ("Clarifications"), which was made on August 1, 2014 (Docket No. 20). The Court likewise reviewed BOA's Appellee's Brief, (Docket No. 7) and Limited Response, (Docket No. 18).

1

consideration of all of the parties' arguments, the record before the Bankruptcy Court, and for the following reasons, the Order of the Bankruptcy Court will be AFFIRMED.

II. Background

As recounted by the Bankruptcy Court, the relevant facts are as follows:

> [BOA] is the authorized servicing agent for the holder of the mortgage on [Brown's] residence located at 2017 West Washington Street, New Castle, PA 16101 (the "Property") [, which consists of a trailer and the underlying land]. The loan secured by the mortgage was insured by the Federal Housing Administration ("FHA"). A mortgage foreclosure action was commenced in 2007 against [Brown] in the Court of Common Pleas in Lawrence County, Pennsylvania. Judgment was entered in favor of the lender.

*In re Brown*, 481 B.R. 351, 354 (Bankr. W.D. Pa. 2012). Said Judgment was entered via default as Brown failed to timely respond to same. *Id.* Later, in December of 2007, BOA filed a motion seeking to equitably convert the trailer to real estate in state court. (Docket No. 7-2). Brown again did not timely respond and the state court entered an order equitably converting the trailer to real estate. (*Id.*).

> Subsequently, on August 14, 2009, [Brown] commenced her bankruptcy case. According to [Brown], she filed the bankruptcy case to force the completion of the foreclosure. Shortly thereafter, the holder of [Brown's] mortgage, Bank of New York as Trustee for the Certificateholders of CWMBS 2003–R4, filed a motion for relief from the automatic stay. On October 7, 2009, a default order was entered modifying the automatic stay and permitting the movant "to foreclose on its mortgage or take any legal or consensual action for enforcement of its right to possession of, or title to, said premises (such actions include but are not limited to the signing of a deed in lieu of foreclosure or entering into a loan modification agreement)...." The case proceeded with little activity. [Brown] was granted her discharge on December 2, 2009, and the case was closed.

*Brown*, 481 B.R. at 354-55. The discharge Order entered by the Bankruptcy Court states that:

> The discharge prohibits any attempt to collect from [Brown] a debt that has been discharged…. However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against [Brown's] property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case.

*Brown*, 481 B.R. at 357-58 (quotation omitted).

In 2012, Brown and BOA litigated a similar motion to reopen before the Bankruptcy Court, which granted Brown's motion and found "that [BOA] violated the discharge injunction by sending mortgage statements to [Brown] which sought payment of a discharged debt, and [BOA] is found to be in civil contempt. Sanctions in the amount of $3,000.00 are appropriate as compensation to [Brown]." *Brown*, 481 B.R. at 364. This Order was not appealed by BOA and the sanctions imposed by the Bankruptcy Court were paid.

Despite the facts that Brown defaulted on her mortgage in 2007 and judgment was entered against her around that time, Brown remains in the residence and the foreclosure still has yet to be completed. (Docket No. 3). No activity was taken in the foreclosure proceeding for a period of years. (*Id.*). Recently, the litigation in Lawrence County concerning the property has been revived and, in early 2014, Brown sought to reopen her bankruptcy case a second time in order to seek additional sanctions against BOA resulting from activities during that litigation. (*Id.*). The Bankruptcy Court permitted briefing, held a hearing, accepted evidence from the parties and issued the challenged Order denying Brown's second request for sanctions against BOA, finding that she had not demonstrated sufficient cause to reopen the case pursuant to 11 U.S.C. § 350. (Docket Nos. 1-1, 3). Among other things, the Bankruptcy Court held that:

- [Brown] failed to demonstrate any potential violation of the discharge injunction or any other reason why the case should be reopened;

…

3

- [Brown] has not established an overt demand for payment or even a coercion to obtain payment [by BOA].

...

- All of [Brown's] arguments relate to matters which have been decided in state court or which are properly raised in pending state court proceedings or have been previously resolved by [the Bankruptcy Court]; and,

- To the extent [Brown] sought the imposition of sanctions against [BOA] or its counsel, ... no basis for imposition of sanctions has been provided to the Court.

(*Id.*). Brown now appeals from this Order.

### III. Legal Standard

This Court reviews the Order of the Bankruptcy Court denying Brown's motion to reopen her closed bankruptcy case and denying her requests to find BOA in contempt and to impose sanctions for abuse of discretion.[2] *See In re Lazy Days' RV Center Inc.*, 724 F.3d 418, 421 (3d Cir. 2013) (citing *In re Zinchiak*, 406 F.3d 214, 223 (3d Cir. 2005)) ("we review the Bankruptcy Court's ... decision to reopen for abuse of discretion."); *see also In re AGR Premier Consulting, Inc.*, 550 F. App'x 115, n.6 (3d Cir. 2014) (citation omitted) ("when reviewing a ... court's decision on a motion for contempt, we apply an abuse of discretion standard."). Accordingly, under this standard of review, "[r]eversal is appropriate 'only where the denial is based on an error of law or a finding of fact that is clearly erroneous.'" *In re AGR*, 550 App'x at n.6 (citation omitted).

A bankruptcy case may be reopened pursuant to 11 U.S.C. § 350(b) upon a showing of cause by the moving party. *See Zinchiak*, 406 F.3d at 223. But, "a closed bankruptcy

---

[2] Purely legal questions are reviewed *de novo*. *See In re Nortel Networks, Inc.*, 669 F.3d 128, 136-37 (3d Cir. 2011).

4

proceeding should not be reopened where it appears that to do so would be futile and a waste of judicial resources," *Redmond v. Fifth Third Bank*, 624 F.3d 793, 803 (7th Cir. 2006), where the movant failed to meet his or her burden of proof on the underlying relief requested in the motion to reopen, *see In re Factor*, 243 F. App'x 680 (3d Cir. 2007), or where there are "similar proceedings [ … ] already pending in state court" and such alternative forum "is most appropriate to adjudicate the issues raised by a motion to reopen," *Lazy Days' RV*, 724 F.3d at 423 (quoting *Zinchiak*, 406 F.3d at 225). The underlying purpose of the motion to reopen in this case was to adjudicate a motion for contempt, which requires a movant to demonstrate by clear and convincing evidence "'(1) that a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order.'" *AGR Premier Consulting, Inc.*, 550 F. App'x at 122-23 (quoting *FTC v. Lane Labs–USA, Inc.*, 624 F.3d 575, 582 (3d Cir. 2010) (citations omitted).

IV. Discussion

On appeal, Brown contends that BOA violated the discharge injunction entered by the Bankruptcy Court prohibiting her creditors from collecting personal debts from her by pursuing foreclosure proceedings in the Court of Common Pleas of Lawrence County against the trailer where she resides and complains that she is listed as a party on the judgment and other briefs/pleadings in that case. (Docket Nos. 2, 8). Brown further maintains that BOA's counsel committed fraud on the court by representing that the mobile home constituted real estate rather than personal property during prior proceedings before the Bankruptcy Court. (*Id.*). BOA counters that the Bankruptcy Court appropriately denied Brown's motion because its

5

predecessor-in-interest obtained an order from the state court equitably converting the trailer to real estate prior to Brown filing her bankruptcy petition and before the issuance of the injunction. (Docket No. 7). The Bankruptcy Court agreed with BOA's position, denied Brown's motion and found that she had not proven any potential violation of the discharge injunction supporting her request for sanctions. (Docket No. 1-1).

After careful consideration of the parties' positions in light of such legal standards, the Court finds that the Bankruptcy Court did not abuse its discretion in denying Brown's motion to reopen her bankruptcy case because Brown has not established that the Bankruptcy Court committed any clear errors of law or fact in the challenged Order. *See Lazy Days' RV*, 724 F.3d at 423. At the outset, the Bankruptcy Court recognized that it had discretion to reopen the case and impose sanctions upon sufficient proof of a violation of the discharge injunction. (Docket No. 1-1). Indeed, the Bankruptcy Court was well familiar with Brown and the discharge injunction in her case as it had previously awarded her $3,000 in compensatory damages in November of 2012 due to actions of BOA's representatives. *See In re Brown*, 481 B.R. 351 (Bankr. W.D. Pa. Nov. 1, 2012). With respect to Brown's present challenges, the Bankruptcy Court conducted a hearing, accepted evidence from the parties and afforded Brown some leniency given her *pro se* status, particularly with respect to its evidentiary rulings under which several documents were admitted despite questionable relevancy. (Docket Nos. 1-1; 3).

In this Court's estimation, the record reveals that the Bankruptcy Court did not clearly err in concluding that Brown failed to meet her burden of proof that BOA violated the discharge injunction a second time through its efforts in pursuit of foreclosure against the trailer and land in

state court. (Docket Nos. 1-1; 3). The United States Court of Appeals for the Third Circuit has recognized that foreclosure actions under Pennsylvania law constitute *in rem* proceedings and that the initiation of same by a creditor against a debtor's property interests are not sufficient to demonstrate a violation of the discharge injunction under 11 U.S.C. § 524(a)(2) which prohibits attempts by a creditor to collect on any "*personal liability of the debtor.*" *Factor*, 243 F. App'x at 681 (emphasis in original). Here, the Bankruptcy Court appropriately concluded that BOA has not violated the discharge injunction by pursuing foreclosure against both the land and the trailer. (Docket No. 1-1). There is no dispute that the land constitutes real estate or that an order was entered against Brown equitably converting her trailer from personal property to real estate in 2008, i.e., more than one year before she even filed for bankruptcy. (*See* Docket No. 7-2). Further, the fact that Brown remains listed as a party on state court documents, including the default judgment, is a matter of state procedural law.

Given these circumstances, the Bankruptcy Court correctly recognized that the state foreclosure proceeding is an *in rem* action against real estate, *see Factor*, 243 F. App'x at 681, and is fully authorized by the discharge injunction which states that "a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against [Brown's] property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case," *Brown*, 481 B.R. at 357-58. The state court's order equitably converting the trailer to real estate was not appealed by Brown and has not subsequently been set aside or otherwise vacated by the state court. Accordingly, the issues related to the state foreclosure action raised by Brown and her attempts to

undermine the state court judgment and orders were properly deferred by the Bankruptcy Court to be litigated in the Court of Common Pleas. *See Lazy Days' RV*, 724 F.3d at 423.

For the same reasons, the Bankruptcy Court did not clearly err by determining that sanctions were also inappropriate under 18 U.S.C. § 152[3] against BOA or its counsel because it was accurate for BOA's counsel to report to the Bankruptcy Court that the character of the trailer was real estate rather than personal property as the equitable conversion order was in effect at the time and remains in effect now. (Docket Nos. 7-1; 7-2). Similarly, it was not erroneous for the Bankruptcy Court's conclusion that BOA's counsel provided correct information about the priority of the lien in question at the time those statements were made. (Docket No. 1-1). Thus, there is no factual basis supporting the requested sanctions under § 152 and the same did not provide just cause to reopen the case.

---

[3] Section 152 titled "Concealment of assets; false oaths and claims; bribery" provides, in pertinent part, that:

> A person who--
> …
> (2) knowingly and fraudulently makes a false oath or account in or in relation to any case under title 11;
> …
> (4) knowingly and fraudulently presents any false claim for proof against the estate of a debtor, or uses any such claim in any case under title 11, in a personal capacity or as or through an agent, proxy, or attorney;
> …
> 8) after the filing of a case under title 11 or in contemplation thereof, knowingly and fraudulently conceals, destroys, mutilates, falsifies, or makes a false entry in any recorded information (including books, documents, records, and papers) relating to the property or financial affairs of a debtor; or
>
> (9) after the filing of a case under title 11, knowingly and fraudulently withholds from a custodian, trustee, marshal, or other officer of the court or a United States Trustee entitled to its possession, any recorded information (including books, documents, records, and papers) relating to the property or financial affairs of a debtor,
>
> shall be fined under this title, imprisoned not more than 5 years, or both.

18 U.S.C. §§ 152(2), (4), (8)-(9).

Finally, the Court has reviewed the remainder of Brown's challenges to the Bankruptcy Court's Order and finds them to be without merit. It remains that whether to reopen the closed bankruptcy case was committed to the sound discretion of the Bankruptcy Court and this Court concurs with the Bankruptcy Court's exercise of discretion to decline to reopen the case in light of all of the facts and circumstances involved. *See Lazy Days' RV*, 724 F.3d at 421. To the extent that Brown seeks to contest the judgments and orders of the state court, the appropriate venue for such challenges lies in the Court of Common Pleas of Lawrence County. *Id.* at 423.

V. Conclusion

Based on the foregoing, the challenged Order of the Bankruptcy Court is AFFIRMED.[4] An appropriate Order follows.

                                                 *s/Nora Barry Fischer*
                                                 Nora Barry Fischer
                                                 United States District Judge

Date: September 5, 2014
cm/ecf: Counsel of Record

        Judy D. Brown
        2017 W. Washington
        New Castle, PA 16101
        (Via Regular Mail)

        Honorable Carlotta M. Bohm
        U.S. Bankruptcy Judge

---

[4] Insofar as Brown seeks oral argument on the pending appeal, this Court has exercised its discretion under Rule 78(b) of the Federal Rules of Civil Procedure and determined that this matter should be decided on the briefs and without oral argument. *See* FED. R. CIV. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings.").